IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO.<br>) |
| v. | ) C O M P L A I N T |
| MPW INDUSTRIAL SERVICES, INC., | )<br>) **JURY TRIAL DEMAND** |
| Defendant. | ) |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Todd Semko, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8-16 below, the U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant MPW Industrial Services, Inc. ("Defendant") committed disability discrimination in violation of the ADA by discharging Semko because of his disability and because Defendant regarded Semko as disabled.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII, 42 U.S.C. §§ 2000e- 5(f)(1) & (3).

4. At all relevant times, Defendant, an Ohio corporation, has continuously been doing business in the Commonwealth of Pennsylvania and has continuously had at least 15 (fifteen) employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7. More than thirty days prior to the institution of this lawsuit, Todd Semko filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

8. Since at least on or about July 23, 2012, Defendant has engaged in unlawful employment practices at its Pittsburgh Branch location, in violation of Sections 102(a) of the

ADA, 42 U.S.C. §§ 12112(a), by discharging Todd Semko from his Laborer position because of his disability and because Defendant regarded him as disabled.

9. At all relevant times, Todd Semko has been a qualified individual within the meaning of Section 101(8) of the ADA, 42 U.S.C. § 12111(8).

10. At all relevant times, Semko has been a person with a "disability" within the meaning of Section 3(1)(A) & (C) of the ADA, 42 U.S.C. § 12102(1)(A) & (C). Continuously since at least January 2009, Semko has had a non-minor and non-transitory physical impairment, i.e., compressed discs in his back. Defendant, acting through its occupational health nurse and human resource personnel, regarded Semko as a person with a disability by discharging him because of that impairment. In addition, Semko's back impairment has caused him, and continues to cause him, to be substantially limited in performing major life activities, including but not limited to walking, bending and standing, as well as operation of his neurological function.

11. On or about July 23, 2012, Defendant hired Semko for the Laborer position. At that time, Semko filled out a medical questionnaire form, and disclosed the fact that he has an implanted Transcutaneous Electrical Nerve Stimulation ("TENS") unit in his lower back for pain control. He also noted on the form that he had no need for modifications or accommodations in order to perform the essential functions of the job. Semko was then immediately placed in a training class.

12. Approximately two hours later, Semko was summoned from the training class to speak by telephone with Defendant's occupational health nurse, Kathy Price. Price questioned Semko about his TENS unit, and stated that he would not be able to charge the unit at the job site to which he was expected to be assigned, a steel plant in Dravosburg, Pennsylvania. Semko

informed Price that he did not need to charge the unit at the job site because he charged the unit at home, and it retained a charge for three months. Semko also told Price that he had no medical restrictions that would prevent him from performing the Laborer job, and that his doctor had cleared him for work. Price then told Semko that he could not be employed because the company could not guarantee a place for him to charge the TENS unit.

13. After hanging up with Price, Semko told Aaron Rose, Defendant's human resources representative who was present during the telephone conversation, that Price had said he could not work.

14. On July 23, 2012, at 10:27 a.m., Price sent Rose an email stating that Semko was "**Non-Qualified** for employment." (Emphasis in original).

15. Rose documented Semko's termination from employment with Defendant on an "Hourly Hiring Checklist," in which he noted that Semko "worked 2hrs, deemed 'not medically qualified.'" (Emphasis and internal quotes in original).

16. At no time did Price or any other employee of Defendant ask Semko for information from his doctor about his medical condition.

17. The effect of the practices complained of in paragraphs 8-16 above has been to deprive Todd Semko of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability and because Defendant regarded him as disabled.

18. The unlawful employment practices complained of in paragraphs 8-16 above were intentional.

19. The unlawful employment practices complained of in paragraphs 8-16 above were done with malice or with reckless indifference to the federally protected rights of Todd Semko.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for disabled employees and applicants.

C. Order Defendant to make whole Todd Semko by providing appropriate back pay in amounts to be determined at trial, prejudgment interest, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Todd Semko by providing compensatory damages for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-16, above, such as debt-related expenses, job search expenses, medical expenses and other expenses incurred by Semko, which were reasonably incurred as a result of Defendant's conduct, in amounts to be determined at trial.

E. Order Defendant to make whole Todd Semko by providing compensatory damages for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 8-16, above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Todd Semko punitive damages for the malicious conduct and reckless indifference described in paragraphs 8-16, above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

P. DAVID LOPEZ
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

_/s/_ DEBRA M. LAWRENCE
REGIONAL ATTORNEY
EEOC – Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(410) 209-2734
(410) 962-4270 (facsimile)

_/s/_ RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY
EEOC – Baltimore Field Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(410) 209-2737
(410) 962-4270 (facsimile)

                                                             */s/ Deborah A. Kane*
DEBORAH A. KANE
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 92531
EEOC – Pittsburgh Area Office
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
(412) 395-5866
(412) 395-5749 (facsimile)
deborah.kane@eeoc.gov