IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2:13-cv-01011 |
| v. | ) ) | Hon. Joy Flowers Conti |
| MPW INDUSTRIAL SERVICES, INC., | ) ) | |
| Defendant. | ) ) ) | |

## CONSENT DECREE

### THE LITIGATION

1.      This action was instituted by the United States Equal Employment Opportunity Commission ("the EEOC") on July 16, 2013, against Defendant MPW Industrial Services, Inc. ("Defendant"), to enforce provisions of Title I of the Americans with Disabilities Act of 1990, as amended ("ADA").  The EEOC alleged that Defendant subjected an employee, Todd Semko, to discrimination on the basis of his disability.

2.      In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all claims stated in the Complaint.  This Decree shall not constitute or be construed as an admission by Defendant of any violation of the ADA.

### FINDINGS

3.      Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

(a)     This Court has jurisdiction of the subject matter of this action and of the parties.

(b)     The terms of this Decree are adequate, fair, reasonable, equitable, and just.  The

1

rights of the parties, Todd Semko, and the public interest, are adequately protected by this Decree.

(c)      This Decree conforms with the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights or privileges of any person.  The entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties, Mr. Semko, and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

INJUNCTION

4.      Defendant, its officers, agents, employees, successors, and assigns are permanently enjoined from engaging in any employment practice that discriminates on the basis of disability, including but not limited to terminating employees because of a disability or a perceived disability or failing to reasonably accommodate employees with disabilities.

5.      Defendant, its officers, agents, employees, successors, and assigns are permanently enjoined from retaliation of any kind against any applicant, employee or former employee because such individual, either in the past or in the future: (a) opposed any practice made unlawful or reasonably believed to be unlawful under the ADA; (b) filed a charge of discrimination with the Commission or any fair employment practices agency; (c) was identified as a potential witness for the EEOC in an action; (d) requested and/or received relief in accordance with this Decree; (e) participated in any manner in an action under the ADA or in any investigation giving rise to such action; or (f) asserted any rights under this Decree.  In this regard, Defendant shall not take any action against any applicant, employee or former employee which constitutes intimidation, coercion, retaliation, harassment, or interference with the exercise of such individual's rights under the ADA because of the filing of Charge No. 846-2012-68950 with the EEOC, which forms the basis for this case, or because such individual(s) gave testimony

2

or assistance, or participated in any manner in any investigation or proceeding in connection with this case under the ADA.

6.      Defendant shall not refuse to hire, discharge or otherwise exclude or disqualify any applicant or employee with a disability (as defined by the ADA) from employment with the Defendant based on a perception that the applicant or employee cannot perform one or more essential job functions without first exercising reasonable care in (a) analyzing whether the individual is qualified to perform essential job functions with or without reasonable accommodation, including but not limited to interactively communicating with the individual and, as necessary, his/her health care providers (in a manner consistent with the requirements of 42 U.S.C. § 12112(d)) to accurately assess any medical condition that Defendant believes will compromise the ability to perform essential job functions and its actual relationship, if any, to the performance of essential job functions for the particular job at issue; (b) distinguishing whether the job functions at issue are essential job functions, marginal functions, or not job functions at all within the meaning of the ADA but rather are methods/means of performing a job function; and (c) analyzing whether there are reasonable accommodations available to allow the applicant or employee to perform the essential functions of the job.

7.      Paragraphs 4 through 6, above, shall not be interpreted so as to enlarge Defendant's existing obligations or responsibilities as set forth under the ADA, ADA interpretive guidance, and/or existing law.

## MONETARY RELIEF

8.      Defendant agrees to pay monetary relief to Todd Semko in the total amount of Thirty Seven Thousand Five Hundred Dollars ($37,500.00), of which Two Thousand Five Hundred Dollars ($2,500.00) shall constitute back pay and Thirty Five Thousand Dollars ($35,000.00) shall constitute compensatory damages for emotional distress and/or punitive

damages.   Defendant shall issue one check for the back pay amount (less applicable tax withholdings) and a second check for the compensatory damages amount.   The checks will be made out to "Todd Semko."   The amount treated as back pay shall be paid less the employee's share of applicable withholding which includes and is limited to federal income tax withholdings, state income tax withholdings, local income tax withholdings, and the payee's share of federal Social Security and Medicare withholdings (i.e., FICA and any other related tax).

9.     The payments referenced in Paragraph 8 shall be made within 14 business days of the entry of this Consent Decree by the Court and Mr. Semko providing a Form W-4 and Form W-9 to Defendant.

10.     At the time such tax documents are issued to other employees, Defendant shall issue to Mr. Semko an IRS Form W-2 for the monetary relief amount constituting back pay, and a Form 1099 for the monetary relief amount constituting compensatory damages.

11.     Defendant will mail the checks for monetary relief to Todd Semko, at an address to be provided by the EEOC.   Defendant will mail a photocopy of the checks to the EEOC, to the attention of Deborah A. Kane, Senior Trial Attorney, Equal Employment Opportunity Commission, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA  15222, within five (5) business days of the date of mailing of the checks to Mr. Semko.

## POSTING OF NOTICE

12.     Within five (5) business days following entry of this Decree, Defendant shall post a physical copy of the Notice, attached hereto as Exhibit A, at its facility in the Pittsburgh area on the bulletin boards usually used by it for communicating with employees at that location, and an electronic copy on its intranet, where it shall be accessible to all employees.   The Notices shall remain posted for two (2) years from the date of entry of this Decree.   Defendant shall take all

reasonable steps to ensure that the postings are not altered, defaced or covered by any other material. Defendant shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notices have been properly posted. Defendant shall permit a representative of the EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

EEO POLICIES AND PROCEDURES

13.     Defendant shall create and implement a policy or policies that explain, define, and prohibit discrimination in the terms and conditions of employment including but not limited to hiring, firing, and promoting employees, and harassment on the basis of disability, as well as retaliation, and which contain related complaint procedures. These policies and procedures shall be drafted using language that can be reasonably understood by the ordinary reader. Defendant shall ensure that its policy against discrimination and related complaint procedures meet the following minimum criteria:

(a)     The policy shall fully describe Defendant's duties set forth in Paragraph 6, above; require that all management and supervisory personnel adhere to those duties; and identify potential sources of vocational rehabilitation expertise in the community including but not limited to the Job Accommodation Network and provide their contact information;

(b)     state that Defendant: (i) prohibits discrimination against employees on the basis of disability in violation of the ADA, which includes failing to reasonably accommodate persons with disabilities; (ii) prohibits retaliation against employees for opposing employment practices they reasonably believe are discriminatory or for participating in any investigation, whether internal or external, of a charge or claim of discrimination under the ADA; (iii) prohibits any act, policy or practice

5

that has the effect of harassing or intimidating any employee on the basis of disability in violation of the ADA; and (iv) prohibits any act, policy or practice that has the effect of creating, facilitating or permitting the existence of a work environment that is hostile to employees through acts such as, but not limited to, physical or verbal abuse and/or derogatory comments based on disability in violation of the ADA;

(c)     include a complaint procedure designed to encourage employees to come forward with complaints regarding violations of its policy against discrimination, harassment and retaliation, which shall meet the following minimum criteria: (i) provides effective mechanism(s) for reporting incidents of discrimination, harassment and retaliation; (ii) provides that the complaints of discrimination, harassment and/or retaliation can be made either in writing or verbally; (iii) identifies individuals to whom an employee can make a complaint, including permitting employees to report a claim of discrimination, harassment or retaliation directly to his or her supervisor or manager; (iv) encourages prompt reporting by employees; and (v) provides assurances that complainants shall not be subjected to retaliation and that complaints will be kept confidential to the extent practicable under the circumstances;

(d)     provide for prompt investigation of complaints of discrimination, harassment and/or retaliation;

(e)     provide for prompt communication to the complaining party of the results of the investigation and any remedial actions taken or proposed;

(f)     provide for discipline up to and including immediate discharge of any employee who violates Defendant's policy or policies against discrimination, harassment

6

and retaliation; and

(g)     ensure that the explanation of retaliation: (i) includes information that employees are protected against retaliation because he or she "participated in or cooperated with the investigation of a charge or complaint"; (ii) advises that prohibited retaliation may include conduct by supervisors, managers, or co-workers; and, (iii) advises employees to report retaliatory conduct in the same way that harassment is to be reported.

14.     Defendant shall distribute to its Occupational Nurse and Human Resources staff its policy and procedures against disability-related discrimination within 60 days after entry of this Consent Decree.  Thereafter, Defendant shall make available via its intranet a copy of its policy and procedures against disability-related discrimination, as well as a paper copy at each remote facility, where it shall be readily available to all employees.

## ADA TRAINING

15.     Defendant shall retain, at its own expense, a vocational rehabilitation expert or other qualified third-party consultant to provide Defendant with not less than six (6) hours of training for the current Occupational Nurse, and four (4) hours of training for the other employees described below, regarding the following: (i) conducting medical inquiries or examinations, including fitness for duty examinations, in compliance with the ADA; (ii) techniques and procedures for accurately assessing whether an employee or applicant is medically qualified to perform essential job functions with or without reasonable accommodation; (iii) the interactive process of assessing ability to perform essential job functions with or without reasonable accommodation and of identifying and providing reasonable accommodation;  (iv) techniques and procedures for accurately identifying essential job functions.  Not less than two (2) hours of the training set forth in this paragraph shall be

7

dedicated to reasonable accommodation, the interactive process, and essential job function analysis. The following employees shall be required to complete the training described above: Human Resources staff, the current Occupational Nurse, any successor Occupational Nurse, and any other Defendant personnel whose job duties include: collecting, reviewing and/or analyzing medical information, including conducting fitness for duty examinations; acting on requests for reasonable accommodation; receiving complaints of discrimination; and conducting discrimination investigations. Individuals who have final decision-making authority with respect to hiring, discharge, and taking preventive and corrective action, shall also be required to complete the training. This training shall be provided within ninety (90) days of entry of this Decree, and within fourteen (14) days of the start of employment for all new hires in such positions. The EEOC must be notified, in writing, as to the identity and qualifications of the trainer, all content of such training (including training manuals and handout materials), method of presentation, length of training course, and the name and job title of each attendee within one (1) month of such training. The first training session may be videotaped, and the videotaped version may be used in subsequent training sessions.

## REPORTING PROVISIONS

16.     For the duration of this Decree, Defendant shall furnish reports semi-annually following the Effective Date. Each such report shall contain the following: (a) the name, address, telephone numbers and employee number (if applicable) of any individual who has made a complaint relating to or reporting discrimination on the basis of disability, including a brief description of the nature of the complaint; (b) the name, address, telephone numbers and employee number (if applicable) of any individual who was disqualified from employment on the basis of a medical condition. As used in Paragraphs 16, 17, 18 and 19, "complaint" refers to a complaint received pursuant to Defendant's complaint procedure as referenced in Paragraph

13(c) of the Decree.

17.     The first report shall be due six (6) months from the Effective Date, with subsequent reports due every six months thereafter, with the final report due one month prior to the expiration of this Decree.

## RECORD RETENTION

18.     If, during the effective period of this Decree, Defendant receives any complaints of discrimination on the basis of disability, including complaints that Defendant disqualified an individual from work due to a physical or mental impairment or perceived impairment or failed to provide a reasonable accommodation, Defendant shall compile an investigative file which shall contain the following: the name, home address, home telephone number and cell phone number (as applicable), job title and social security number of the complainant; the date of the complaint; the specific allegations of harassment or discrimination that were made; the name(s), home addresses, home telephone numbers and cell phone numbers (as applicable), job titles and social security numbers of any alleged perpetrators and any potential witnesses; the complete substance of any statements made by each alleged perpetrator and each witness who was interviewed; a description of actions taken to investigate the complaint; and a description of Defendant's conclusions regarding the complaint and any corrective action in response to the complaint.  Defendant shall also retain with the investigative file any other documents created or obtained in relation to a complaint, including but not limited to affidavits, witness statements, interview notes, summaries, and electronic communications.  Defendant shall retain all of the aforementioned records for the duration of this Decree.

19.     For the duration of this Decree, Defendant shall retain all personnel, payroll, complaint and other personnel documents of any character related to any person complaining of or reporting disability discrimination, as well as all documents relating to any person who was

accused of such conduct or known to be a witness.

20.     For the duration of this Decree, Defendant shall retain all documents relating to applications for employment, including documents relating to any medical examinations or inquiries and documents relating to the disqualification of any applicant on medical grounds.

21.     Defendant's obligation to maintain records, as set forth in this section is not intended to nor does it limit or replace Defendant's obligation to retain records as set forth in EEOC regulations, such as 29 C.F.R. §1602.14.   Defendant shall comply with 29 C.F.R. §1602.14.

22.     Defendant shall make all documents that are the subject of Paragraphs 18, 19, 20 and 21 of this section available for inspection and copying within fifteen (15) days of receiving a written request from the EEOC for such documents.

23.     If Defendant contends that any of the documents required to be provided to EEOC pursuant to the terms of this Decree, including those referenced in Paragraphs 18, 19, 20 and 21, are privileged, Defendant shall provide a privilege log that complies with the Federal Rules of Civil Procedure relating to privilege logs, identifying each document separately or by category for which a privilege is asserted.  If there is a disagreement regarding applicability of an asserted privilege, the disagreement shall be governed by the dispute resolution procedure set forth in Paragraph 25 below.

### DISPUTE RESOLUTION AND COMPLIANCE REVIEW

24.     For the duration of the Decree, this Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

25.     Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree.   Prior to such motion, the

Commission shall notify the Defendant, in writing, of the alleged non-compliance.  Upon receipt of written notice, Defendant shall have thirty (30) days either to correct the alleged non-compliance, and so inform the Commission, or deny the alleged non-compliance, in writing.

26.     If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach.

27.     Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Western District of Pennsylvania.

28.     For the duration of the Decree, the Commission, its agents and employees shall in their discretion have the legal authority to enter Defendant's facilities, with reasonable prior notice to the Defendant and its counsel, and conduct an on-site inspection to ensure compliance with the ADA and any of the terms of this Decree.  Such inspections may, at the discretion of the Commission, include access to any and all documents for the purposes of inspection and duplication; interviews or depositions of any persons; inspection of any area within the facility; and any other investigatory technique or procedure permitted by the ADA or the Commission's regulations.  The Commission shall also have the legal authority to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions and the production of relevant documents to ensure compliance with the ADA and any of the terms of this Decree.  The Commission may at any time move the Court for a hearing for the purpose of compelling Defendant to cooperate in any aspect of this Paragraph.  Neither the Commission's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other Commission authority to conduct investigations of the Defendant that is provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act

11

("ADEA"), Titles I or V of the Americans with Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act of 2008 ("GINA"), and any statute over which the Commission is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

29.     This Decree shall become effective on the date of its entry by the Court ("Effective Date") and shall remain in effect until its expiration date, which shall be two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraphs 25 and 26, above, remain unresolved, the term of the Decree shall be automatically extended until final disposition of the dispute.

30.     The Court will retain jurisdiction of this matter to enforce the Decree by all available means, including but not limited to injunctive relief and monetary and other sanctions, until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

31.     Each party to this Decree shall bear its own expenses, attorney's fees and costs.

32.     The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant.  Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

33.     If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

34.     When this Decree requires a certification by Defendant of any fact(s), such

certification shall be made under oath or penalty of perjury by an officer or management employee of Defendant.

35.    When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: MPW Industrial Services, Inc. ADA Settlement, Equal Employment Opportunity Commission, c/o Deborah A. Kane, Senior Trial Attorney, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA 15222.

36.    In the event that parties propose to make any modifications to this Decree by their mutual consent, they shall submit such proposed modifications to the Court by joint motion, and such modifications shall not be effective unless approved by order of the Court.

**APPROVED BY:**

**FOR DEFENDANT:**

*Jaime S. Tuite*

Jaime S. Tuite, Esq.
Buchanan Ingersoll & Rooney PC
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA 15219-1410
Telephone: (412) 562-8800
Email: jaime.tuite@bipc.com

*Counsel for Defendant*
*MPW Industrial Services, Inc.*

Dated: July 30, 2014

STEFANIE L. COE
General Counsel
*MPW Industrial Services, Inc.*

Dated: July 30, 2014

**FOR THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:**

P. DAVID LOPEZ
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL

DEBRA M. LAWRENCE
REGIONAL ATTORNEY

Dated: 7/31/2014

RONALD L. PHILLIPS
SUPERVISORY TRIAL ATTORNEY

Dated: 7/31/2014

13

**DEBORAH A. KANE**
**SENIOR TRIAL ATTORNEY**
Pa. I.D. No. 92531
Equal Employment Opportunity Commission
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA  15222
Telephone:  (412) 395-5866
Email: deborah.kane@eeoc.gov

Dated: 7/31/2014

**IT IS SO ORDERED**:

_____          _____
Honorable Joy Flowers Conti                DATE
United States District Judge

**EXHIBIT A**

## NOTICE TO ALL MPW INDUSTRIAL SERVICES, INC. EMPLOYEES

This Notice is being posted pursuant to a federal court order in the matter of *EEOC v. MPW Industrial Services, Inc.*, Civil Action No. 2:13-cv-01011 (W.D. Pa.), resolving a lawsuit filed by the U.S. Equal Employment Opportunity Commission ("EEOC"), an agency of the United States Government, against MPW Industrial Services, Inc.

In its suit, the EEOC alleged that MPW Industrial Services, Inc. discriminated against an employee by subjecting him to discrimination on the basis of his disability.

To resolve the case, MPW Industrial Services, Inc. and the EEOC have entered into a Consent Decree which provides, among other things, that:

1)   MPW Industrial Services, Inc. is prohibited by federal court order and federal law from discriminating against employees on the basis of disability;
2)   MPW Industrial Services, Inc. is enjoined from retaliating against any person because (s)he opposed any practice made unlawful by the ADA, filed a the ADA charge of discrimination, participated in any the ADA proceeding, or asserted any rights under the Consent Decree; and
3)   MPW Industrial Services, Inc. will provide mandatory training to employees regarding disability discrimination, and MPW Industrial Services, Inc.'s policies regarding such discrimination.

The EEOC enforces the federal laws against discrimination in employment on the basis of disability, race, color, sex, religion, national origin, or age. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have a right under federal law to contact the EEOC and report that discrimination or retaliation. EEOC can be reached at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or via e-mail at info@eeoc.gov. The EEOC is a federal law enforcement agency and charges no fees to receive and investigate complaints.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material.**


_____          _____

Date                                                      For:  MPW Industrial Services, Inc.